UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO. 8:09cv1726-T33<br><br>AEP |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| FLOYD W. SEIBERT, | )<br>) | **C O M P L A I N T** |
| Defendant. | )<br>) | <u>(Injunctive Relief Sought)</u> |

Plaintiff HILDA L. SOLIS, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA sections 206 and 409, 29 U.S.C. §§ 1056, 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. This court has subject matter jurisdiction over this action pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).



3. Venue lies in the Middle District of Florida pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. Central Home Care Services, Inc. and Affiliates 401(k) Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to section 4(a), 29 U.S.C. § 1003(a).

5. Floyd W. Seibert ("Seibert"), an individual, was at all relevant times President and majority owner of Central Home Care Services, Inc. ("CHCS") and the sole Trustee and Plan Administrator to the Plan, and therefore a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E), and (H).

6. Seibert is also known as Martin Mesquite, a fictitious individual who Seibert created, who was the President, Secretary, Treasurer and majority owner of a shell company called Health Care International Holding, Inc., ("HCIH" or the "Shell Company"), a Nevada corporation, which was at all relevant times a "party in interest" to the Plan within the meaning of ERISA section 3(14)(G).

7. Seibert was convicted in U.S. v. Seibert, in the U.S. District Court for the Southern District of Iowa, 4:04-cr-251, and executed a Plea Agreement entered on September 11, 2006 by this Court, 8:06-CR-00373-SDM-MAP, for

2

willfully embezzling or converting to his own use as a Trustee to the Plan more than $3.5 million of Plan money, in violation of 18 U.S.C. § 664.

8. The scheme upon which that conviction was based is the same as the scheme upon which this action is brought.

9. As Plan Trustee, Seibert caused his Shell Company, which had assets of only $1,000 and had no revenue or on-going business, to issue bonds in the amount of $3.85 million, which Seibert caused the Plan to purchase with Plan funds.

10. A portion of the bonds was redeemed, which ultimately left the Plan holding at least $3,281,199.22 in worthless bonds. Seibert has been ordered to pay this amount as part of his criminal restitution.

11. Between the time the Plan purchased the bonds (1999-2001) and Seibert's criminal sentencing in September 2006, the Plan only received $224,370.14 in interest on the more than $3 million in outstanding bonds, or approximately 10% of the Plan's lost opportunity costs.

12. The Plan has 369 participants with balances exceeding $5 million, including Seibert who has a Plan account balance in excess of $500,000.

13. To date, Seibert remains an inmate at a federal correctional facility in North Carolina, and has made no restitution to the Plan.

14. By the actions described in the paragraphs above, Seibert, as a fiduciary of the Plan,

a) failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b) failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

c) failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA Section 403(a), 29 U.S.C. § 1103(a);

d) caused the Plan to engage in transactions which he knew or should have known constituted the lending of money or other extension of credit between the Plan and one or more parties in interest in violation of ERISA Section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B);

e) caused the Plan to engage in transactions which he knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

f)      dealt with assets of the Plan in his own interest or for his own account, in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1); and

g)      acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries in violation of 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

WHEREFORE, pursuant to Sections 206(d)(4), 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1056(d), 1132(a)(2) and (5), Plaintiff prays that the Court:

A.      Order Seibert to make restitution to the Plan for lost opportunity costs on the more than $3 million in fraudulent bonds Seibert had the Plan purchase and hold for more than five years in an amount to be determined;

B.      Order Seibert's Plan account balance to be offset, pursuant to ERISA section 206(d)(4), 29 U.S.C. § 1056(d), against the amount he has been ordered by courts to restore to the Plan;

C.      Order Seibert to be permanently enjoined from serving, directly or indirectly, for compensation or otherwise, in any capacity, including as a fiduciary or service provider, with respect to any employee benefit plan subject to the coverage of ERISA;

D.      Award Plaintiff the costs of this action; and

E.      Provide other relief as may be just and equitable.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(404) 302-5461
(404) 302-5438 (FAX)
steffenson.dane@dol.gov
ATL.FEDCOURT@dol.gov


SOL Case No. 04-90096

CAROL A. DE DEO
Deputy Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: /s/ Dane L. Steffenson
DANE L. STEFFENSON
Senior Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.