UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA L. SOLIS, Secretary of
Labor, United States Department
of Labor,

        Plaintiff,
v.                          Case No. 8:09-cv-1726-T-33AEP

FLOYD W. SEIBERT,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Transfer Place of Trial (Doc. # 8), filed on February 2, 2010, and Defendant's Motion for Joinder of Parties and Counterclaims (Doc. # 16), filed on March 5, 2010. Both motions are ripe for the Court's review, and, after due consideration, both motions are due to be denied.

**I.   Background**

On August 24, 2009, Plaintiff, the Secretary of Labor, United States Department of Labor, filed this action against Defendant, the former Plan Trustee of the Central Home Care Services, Inc., and Affiliates 401(k) Plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

Defendant was convicted in <u>United States v. Seibert</u>, in the United States District Court for the Southern District of Iowa

in case 4:04-cr-251, based in part on his plea agreement entered on September 11, 2006, in case 8:06-cr-373-SDM-MAP, for willfully embezzling or converting to his own use, as a Plan Trustee, more than $3.5 million dollars in violation of 18 U.S.C. § 664.

According to Plaintiff, "the scheme upon which that conviction was based is the same as the scheme upon which this action is brought." (Doc. # 18 at 2). Defendant, as Trustee, caused his shell company, which had only $1,000 in assets and no business operations or revenue, to issue over $3.85 million in bonds, which Defendant purchased with Plan funds. A small portion of the bonds were redeemed, which left the Plan holding $3,281,199.22 in worthless bonds. (Doc. # 18 at 2).

Plaintiff seeks four types of relief in this action: (1) lost opportunity costs that the Plan has incurred as a result of Defendant's fiduciary breaches; (2) an offset of Defendant's Plan account balances pursuant to ERISA section 206(d)(4) to satisfy part of his debt owed to the Plan; (3) a permanent injunction barring Defendant from ever serving as an ERISA fiduciary again; and (4) Plaintiff's costs.

**II. <u>Motion to Transfer</u>**

On February 2, 2010, Defendant filed a motion to transfer venue to the United States District Court for the Western

District of Oklahoma.  In support of his motion, Defendant lists the following factors weighing in favor of transfer to the Western District of Oklahoma: (1) Defendant is a resident of the Western District of Oklahoma and is currently incarcerated in El Reno, Federal Corrections Institution in the Western District of Oklahoma; (2) The Central Home Care Services, Inc. and Affiliates 401(k) Plan was sponsored mainly by Central Oklahoma Care at Home, Inc., a corporation admitted to do business in the state of Oklahoma; (3) all accounting books and records were maintained in the state of Oklahoma until they were turned over to the Successor Trustee; (4) prior court dealings with this same subject matter was in the United States District Court for the Western District of Oklahoma, case no. 5:06-cv-1330; (5) "the U.S. Department of Labor is located everywhere;" (6) Defendant filed for relief under Chapter 7 of the United States Bankruptcy Code in the Western District of Oklahoma; and (7) most of the participants of the Central Home Care Services and Affiliates 401(k) Plan are residents and perhaps witnesses, that reside in the Western District of Oklahoma. (Doc. # 8 at 2).

Plaintiff, on the other hand, asserts that transfer to the Western District of Oklahoma is not appropriate because Defendant administered the Plan in Florida and committed breaches of fiduciary duties in Florida.

### III. Analysis of Section 1404(a) Factors

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. See 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

In determining the merits of Defendant's request that this case be transferred to the Western District of Oklahoma pursuant to Section 1404(a), this Court must give strong consideration to Plaintiff's choice of forum. Specifically, "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)(internal citations omitted).

Several district courts have weighed in on the analysis courts should perform upon a motion to transfer pursuant to 28 U.S.C. 1404(a). In Baptist Hospital, Inc. v. CJ Critical Care Transportation System, 2007 U.S. Dist. LEXIS 88529, at *12-13 (N.D. Fla. Nov. 30, 2007), the court provided the following suggested analysis:

> A district court may transfer any case to any other district where the case originally may have been brought. To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee court; (2) a transfer serves the interest of justice; and a transfer is in the convenience of the witnesses and parties. Because federal courts ordinarily accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice.

Baptist Hosp., Inc., 2007 U.S. Dist. LEXIS 88529 at *12-13. (Internal citations omitted). Similarly, in Sterling v. Provident Life and Accident Insurance Co., 519 F. Supp. 2d 1195, 2006 U.S. Dist. LEXIS 96369, at *15-16 (M.D. Fla. June 19, 2007), the court determined, "In order to overcome the presumption in favor of plaintiff's choice of forum, the movant must show the balance of the conveniences is strongly in favor of the transfer." Id.

The court further explained, "When considering a motion to transfer venue, the Middle District of Florida has stated that the following seven (7) factors must be considered: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." Id. Furthermore, the

court noted, "In determining the propriety of transfer, the Court must give considerable weight to the plaintiff's choice of forum. Therefore, only if the [d]efendants show the balance of convenience is strongly in favor of transfer, using the seven (7) factors listed above, will the [p]laintiff's choice of venue be disturbed." Id. at *15-16 (internal citations omitted). See also Tritak v. Metro. Cas. Ins. Co., 3:08-cv-14-J-33JRK, 2008 U.S. Dist. LEXIS 8050 at *10 (M.D. Fla. Feb. 4, 2008).

The Court has considered the aforementioned factors and has carefully evaluated Defendant's arguments, however, the Court determines that transfer is not appropriate. An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). In this case, the Plan was administered in Largo, Florida, which is within the boundaries of the United States District Court for the Middle District of Florida. Because Defendant resides in the Western District of Oklahoma, Plaintiff could have initiated this action there, but Plaintiff was not required to bring this action in the Western District of Oklahoma.

Defendant contends that most of the witnesses reside in the Western District of Oklahoma. However, Defendant has not identified a single specific witness (other than himself) that resides in the Western District of Oklahoma. Plaintiff, on the

other hand, has identified "EBSA investigators" who reside in Florida, who will be called as witnesses in this case. Plaintiff also notes that "many of the victims in this case, the Plan participants, may be witnesses or may otherwise desire to attend possible hearings and the trial of this case, and reside in Florida as well as Texas and Oklahoma." (Doc. # 11 at 6).

The Court agrees with Plaintiff that Defendant failed to carry his burden in this case. Transfer to another district is not required and would only cause dely and protraction of these proceedings. Accordingly, the Court denies the Motion to Transfer.

**IV. <u>Motion for Joinder of Parties and Counterclaims</u>**

Defendant also seeks an order joining Jeanne Bryant, of Receivership Management, Inc., (the Plan's current independent fiduciary) as party to this action. (Doc. # 16). Defendant contends that Ms. Bryant is a necessary party to the resolution of this case and that complete relief cannot be fashioned without her as a party. Defendant seeks to file counterclaims against Ms. Bryant for misappropriation of Defendant's vested share of his Plan account, charging excessive fees, failure to pursue a claim against Defendant's insurer, failure to make prudent investments, and other harms.

Defendant's motion for joinder is timely under the Court's March 16, 2010, Case Management and Scheduling Order (Doc. # 17); however, Plaintiff stridently opposes joinder of Ms. Bryant.  This action seeks relief for Defendant's breaches between 1999 and 2001.  Ms. Bryant was appointed as a fiduciary in April 2007.  None of the facts related to Defendant's breaches of his fiduciary duties are related to or arising out of the same transaction, occurrence, or series of transactions or occurrences as Ms. Bryant's alleged breaches.  As argued by Plaintiff, "the Secretary's claim for lost opportunity costs based on [Defendant's] fiduciary breaches between 1999 and 2001 and failure to pay interest on the outstanding money is in no way related to any alleged breach by Ms. Bryant since becoming a Plan fiduciary in April 2007." (Doc. # 18 at 5).

Upon due consideration, the Court determines that neither Rule 19 or 20 of the Federal Rules of Civil Procedure requires joinder of Ms. Bryant.  Further, joinder of Defendant's claims against Ms. Bryant under Rule 18 of the Federal Rules of Civil Procedure is not appropriate because she is not a proper party to this action.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Transfer Place of Trial (Doc. # 8) is **DENIED**.

(2) Defendant's Motion for Joinder of Parties and Counterclaims (Doc. # 16) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of April 2010.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record