UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA L. SOLIS, Secretary of
Labor, United States Department
of Labor,

      Plaintiff,

v.                           Case No. 8:09-cv-1726-T-33AEP

FLOYD W. SEIBERT,

      Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to pro se Defendant's "Motion for Joinder of Parties and Civil Rights Complaint" (Doc. # 20), filed on May 17, 2010. Plaintiff filed a Response in Opposition to the Motion on June 1, 2010. (Doc. # 22).

    From the Court's reading of Defendant's rather cryptic Motion, it appears that Defendant seeks to join the United States Marshals Service and the United States Department of Justice (the "Agencies") because Defendant believes the Agencies denied him due process of law with respect to his criminal restitution. Further, within the Motion, Defendant appears to interject defenses against this action and request discovery. For the reasons that follow, the Court denies the

Motion.

I. **Background**

On August 24, 2009, Plaintiff brought this action against Defendant, the former Plan Trustee of the Central Home Care Services, Inc., and Affiliates 401(k) Plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2),(5). Plaintiff's complaint arises from the criminal case of United States v. Seibert, case number 4:04-cr-251, where Defendant was convicted and sentenced in the United States District Court for the Southern District of Iowa.

Defendant's conviction was based in part on his September 11, 2006, plea agreement entered in this Court, wherein Defendant admitted that he willfully embezzled or converted to his own use, as a Plan Trustee, more than $3.5 million in violation of 18 U.S.C. § 664. (case number 8:06-cr-373-23-MAP, Doc. # 4).[1]

Specifically, Defendant, as Trustee of the Plan, caused his shell company, which had only $1,000 in assets and no business operation or revenue, to issue over $3.85 million in

---

[1] After Defendant executed the plea agreement, this Court transferred his case to the United States District Court for the Southern District of Iowa. (case number 8:06-cr-373-23-MAP, Doc. # 5).

bonds, which Defendant purchased with Plan funds. A small portion of the bonds was redeemed, but the Plan held $3,281,199.22 in worthless bonds. (Doc. # 22 at 2).

Defendant's sentence included the requirement that Defendant pay off the remaining worthless bonds in criminal restitution. To satisfy the outstanding restitution, Defendant forfeited a large parcel of property in Texas. The United States Marshals Service sold the Texas Property and sent approximately $1.2 million from the sale proceeds to satisfy the restitution. Further reduction of the outstanding restitution has been furnished by James Golden, who, as the co-defendant in the criminal case, is also jointly and severally liable for losses to the Plan.

Plaintiff indicates, "there is still nearly $2 million owed under the restitution order and more than $1 million sought in this action as lost opportunity cost." (Doc. # 22 at 3). Therefore, Plaintiff seeks the following four types of relief in this action: (1) the lost opportunity costs that the Plan has incurred as a result of Defendant's fiduciary breaches; (2) an offset of Defendant's Plan account balance pursuant to ERISA § 206(d)(4) to satisfy part of his debt owed to the Plan; (3) a permanent injunction barring Defendant from ever serving as a ERISA fiduciary again; and (4) Plaintiff's

costs. (Doc. # 1 at 5).

## II. **Motion to Join Parties**

Defendant seeks to join the Agencies under Rule 19 of the Federal Rules of Civil Procedure. Specifically, Defendant seeks to assert Section 1983 claims against the Agencies based on the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. Defendant contends that the Agencies deprived him of his property without due process of law by (1) underselling his Texas property and (2) failing to seek restitution from his co-defendant, James Golden.

In essence, "The basis of [Defendant's] motion is that one or both of [the Agencies] caused him to owe more restitution than he believes should be owed." (Doc. # 22 at 3). Defendant advances two arguments in support of his Motion. First, he contends that the original sentence regarding the amount of restitution was excessive because the Plan was worth substantially less than the amount Plaintiff alleges. Second, he argues that the whole amount of restitution would have been satisfied if the Agencies had sold his Texas Property at a fair value.

Plaintiff opposes the Motion, arguing that the Agencies are not necessary to accord complete relief to the existing

parties, and this Court agrees with Plaintiff. Rule 19 of the Federal Rules of Civil Procedure states that a party should be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

Defendant's first argument for joinder, concerning the question of whether the amount of restitution provided for in the criminal conviction was excessive, will not be addressed by this Court. The amount of restitution is part of the criminal sentence, and this Court is not the appropriate forum to address Defendant's challenge of his sentence because this Court is not the sentencing court. As such, the Court declines to join the Agencies under Defendant's first argument.

Defendant's second argument for joinder stems from his belief that his restitution obligations should have been satisfied when the Agencies sold his Texas Property.[2] Again, such a claim does not need to be addressed by this Court in this action because Defendant can bring an action against the Agencies challenging the adequacy of the sale of the Texas

---

[2] Defendant indicates, regarding the Texas Property, that "the defendant had a contract for sale in May 2006 for 6.5 million and another as late as June 2007 for 5.5 million." (Doc. # 20 at 3).

Property independent of the present suit brought by the Department of Labor.

In conclusion, the Court finds that it is neither necessary, nor appropriate to join the Agencies.

### III. Other Issues

Intertwined with Defendant's request to join the Agencies, Defendant appears to assert various defenses to the complaint, including a challenge of the timeliness of the present action. In addition, Defendant suggests that Plaintiff is "further punish[ing]" him, and Defendant requests certain discovery documents (particularly an updated accounting of the Pension Plan).

To the extent that Defendant may be seeking to amend his answer in order to assert counterclaims or additional defenses against Plaintiff, Defendant should file a separate and appropriate motion under the applicable Local Rules and Federal Rules of Civil Procedure.[3] To the extent that Defendant seeks discovery, Defendant should propound such discovery request upon Plaintiff prior to the close of discovery on August 16, 2010. Further, Defendant may file a

---

[3] The Court notes that Defendant's July 19, 2010, Second Amended Answer raises the timeliness issue by asserting that the statute of limitations for this action has expired. (Doc. # 29 at 2).

discovery motion pursuant to Local Rule 3.04, M.D. Fla., and other governing law in the instance that Plaintiff fails to comply with Defendant's discovery requests.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Motion for Joinder of Parties and Civil Rights Complaint (Doc. # 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of August 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record